## STEGEMAN v CITY OF ANN ARBOR

Docket No. 168084. Submitted April 5, 1995, at Detroit. Decided September 19, 1995, at 9:05 A.M. Leave to appeal sought.

John C. and Lois U. Stegeman brought an action in the Washtenaw Circuit Court against the City of Ann Arbor and an Ann Arbor building official, seeking a declaration regarding the validity, and an injunction against the enforcement, of an Ann Arbor zoning ordinance that allowed no more than six unrelated persons or a functional family to live in a single-family dwelling. The ordinance defined "functional family" as a group of no more than six people plus their offspring and having a relationship of a permanent character with a demonstrable bond characteristic of a cohesive unit. The ordinance placed no limit on the number of related persons who could occupy a single-family dwelling. The court, Donald E. Shelton, J., denied injunctive relief, determining that the ordinance was constitutional and does not violate the Civil Rights Act. The plaintiffs appealed.

The Court of Appeals *held:*

1. The ordinance does not violate the Due Process Clause of the Michigan Constitution and is consistent with *Delta Twp v Dinolfo,* 419 Mich 253 (1984), which recognized local authority to place a rational limitation on the number of unrelated persons who may live in a single-family dwelling and to draw rational distinctions between biological families and functional families.

2. The ordinance does not violate the Equal Protection Clause of the Michigan Constitution. The classifications created by the ordinance are not arbitrary. Legitimate governmental interests underlie the creation of single-family zones.

3. The ordinance does not violate prohibitions under the Civil Rights Act against discrimination based on marital status

REFERENCES

Am Jur 2d, Zoning and Planning §§ 230, 231.

What constitutes a family within meaning of zoning regulation or restrictive covenant. 71 ALR3d 693.

Validity of ordinance restricting number of unrelated persons who can live together in residential zone. 12 ALR4th 238.

because the limitation in the number of unrelated persons who can occupy a single-family dwelling is not based on marital status.

Affirmed.

ZONING — SINGLE-FAMILY DWELLINGS — UNRELATED PERSONS — FUNCTIONAL FAMILIES.

An ordinance that limits occupancy of a single-family dwelling to no more than six unrelated persons or no more than six persons and their offspring having a relationship functionally equivalent to a family, but that places no limit on the number of occupants related by blood, marriage, adoption, or guardianship, does not violate due process, equal protection, or civil rights protection against discrimination based on marital status (Const 1963, art 1, §§ 2, 17; MCL 37.2505[1]; MSA 3.548[505][1]).

*Honigman Miller Schwartz & Cohn* (by *David B. Nelson*), for the plaintiffs.

*Susan L. Cameron,* Assistant City Attorney, for the defendants.

Before: SAWYER, P.J., and MARILYN KELLY and R. C. ANDERSON,* JJ.

SAWYER, P.J. Plaintiffs appeal from an order of the circuit court denying an injunction against enforcement of an Ann Arbor zoning ordinance that prohibits more than six unrelated individuals from living in a single-family house. We affirm.

Plaintiffs challenge the validity of § 5.7(2) of the Ann Arbor Code, which restricts the occupancy of a single-family dwelling as follows:

A dwelling unit may not be occupied by more persons than one of the following family living arrangements:

(a) One or more persons related by blood, marriage, adoption or guardianship living as a single housekeeping unit, in all districts.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

(b) Four persons plus their offspring living as a single housekeeping unit, in all districts

(c) Six persons living as a single housekeeping unit in R4 districts

(d) A functional family living as a single housekeeping unit which has received a special exception use permit pursuant to section 5:104.

Furthermore, § 5.7(4) of the Ann Arbor Code defines "functional family" as follows:

In this section functional family means a group of no more than 6 people plus their offspring, having a relationship which is functionally equivalent to a family. The relationship must be of a permanent and distinct character with a demonstrable and recognizable bond characteristic of a cohesive unit. Functional family does not include any society, club, fraternity, sorority, association, lodge, organization or group of students or other individuals where the common living arrangement or basis for the establishment of the housekeeping unit is temporary.

Plaintiffs first argue that the zoning ordinance violates the Due Process Clause of the Michigan Constitution, Const 1963, art 1, § 17. Plaintiffs argue that this case is controlled by the decision in *Delta Charter Twp v Dinolfo,* 419 Mich 253; 351 NW2d 831 (1984). While we agree that *Delta Twp* is controlling, we do not agree that it compels a decision in plaintiffs' favor.

In *Delta Twp,* the Supreme Court struck down a zoning ordinance that restricted occupancy of a single-family dwelling to a family and not more than one other unrelated person. However, the ordinance in *Delta Twp* differs from the ordinance in the case at bar in at least two significant respects. First, the *Delta Twp* ordinance allowed only one unrelated individual to reside in the

household in addition to the family, while the instant ordinance allows up to six unrelated individuals to reside together. Second, the *Delta Twp* ordinance did not provide for a so-called "functional family" of unrelated individuals, for which the ordinance in the case at bar does provide.

This latter distinction is particularly important. The *Delta Twp* Court made clear that it was not throwing out all restrictions on the number of occupants of a single-family dwelling:

> The plaintiff is not, as a result of anything we say here today, without authority to regulate the behavior it finds inimical to its concept of a residential neighborhood, including a rational limitation on the numbers of persons that may occupy a dwelling. *Plaintiff need not open its residential borders to transients and others whose lifestyle is not the functional equivalent of "family" life.* Nor are the plaintiffs precluded from distinguishing between the biological family and a functional family when it is rational to do so, such as in limiting the number of persons who may occupy a dwelling for such valid reasons as health, fire safety, or density control. [419 Mich 277-278 (emphasis added).]

In short, while the *Delta Twp* decision did force zoning authorities to look beyond traditional concepts of blood and affinity in defining family under its zoning ordinances, that decision did not force zoning authorities to abandon the concept of family in its entirety as plaintiffs would suggest. Rather, it merely required zoning ordinances to take into account so-called "functional families" in its provisions for residential zoning. In fact, the Ann Arbor ordinance does just that, providing for use of single-family dwellings by functional fami-

lies.[1] At issue here is not plaintiffs' desire to rent their buildings to functional families, but to rent them to unrelated, transient college students. These are individuals who are sharing a house not to function as a family, but for convenience and economics. They do not represent a group that is bonded together and intends to live as a unit for the foreseeable future, but a group of casual friends living together for the limited duration of their education.

Plaintiffs additionally suggest that the distinction between these clusters of students and a traditional or functional family is irrational in the particular neighborhood at issue, which is home to fraternity houses, boarding houses, and multiple-unit dwellings. Perhaps that is so, but that argument is relevant to whether the zone is appropriate, not whether the ordinance is constitutionally valid. Similarly, plaintiffs' argument that the ordinance unfairly punishes them for contributing to the creation of a highly populated area is flawed because plaintiffs suffer no unique burden. The restrictions within the ordinance apply to all within that zone, plaintiffs' parcel is not singled out for disparate treatment to alleviate perceived overcrowding problems. Cf. *Troy Campus v City of Troy,* 132 Mich App 441; 349 NW2d 177 (1984).

Next, plaintiffs argue that the trial court erred in failing to hold that the ordinance violates the Equal Protection Clause of the Michigan Constitu-

---

[1] Arguably, the Ann Arbor ordinance's restriction of functional family to no more than six individuals plus their offspring may ·run afoul of the decision in *Delta Twp.* This, however, depends upon the *Delta Twp* Court's meaning of "a rational limitation to the numbers of persons that may occupy a dwelling." *Id.* at 277. However, we need not interpret that phrase here because there is no serious contention that the groups of students to whom plaintiffs rent constitute the functional equivalent of families under the zoning ordinance without regard to the number of such individuals that may constitute a functional family.

tion. Const 1963, art 1, § 2. We disagree. Where the interest involved is fundamental or the classification is suspect, the strict scrutiny test must be applied. However, other legislation, such as social and economic, is subject to the rational basis test. See *People v Perlos,* 436 Mich 305, 331-332; 462 NW2d 310 (1990). Under the rational basis test, a classification will stand unless it is shown to be essentially arbitrary. *Id.* at 331. As the Court recognized in *Delta Twp, supra,* there are legitimate governmental interests underlying the creation of single-family zones. Furthermore, the family, while undergoing dramatic changes in the last half-century, remains a fundamental building block of society. This is true whether we speak of the traditional family or the modern concept of a functional family. Even the strong defense given to functional families in the decision in *Delta Twp* recognized, as quoted above, a legitimate distinction between such a functional family and a casual collection of individuals living in the same household.

The *Delta Twp* Court found a compelling basis to protect the interests of the functional family, while acknowledging the right of the municipality to restrict transients and others whose lifestyle is not the functional equivalent of a family. *Id.* at 277. To say that a family is so equivalent to a ragtag collection of college roommates as to require identical treatment in zoning decisions defies the reality of the place of the family in American society, despite any changes that institution has undergone in recent years. Only the most cynical among us would say that the American family has devolved to the point of no greater importance or consideration in governmental decision making than a group of college roommates.

Plaintiffs next argue that the ordinance violates the Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.* Specifically, plaintiffs argue that the ordinance violates the prohibition on discrimination based on marital status under MCL 37.2505(1); MSA 3.548(505)(1). We disagree. The term "marital status" as used in the Civil Rights Act refers to discrimination based on whether a person is married. *Miller v C A Muer Corp,* 420 Mich 355, 363; 362 NW2d 650 (1984). The Ann Arbor ordinance simply does not discriminate on the basis of marital status. That is, the ordinance prohibits seven unrelated individuals from residing in the same household, regardless of whether those seven individuals are single or happen to be married, but separated from their spouses. For that matter, the ordinance would prohibit seven married couples from sharing the same residence. On the other hand, the ordinance does not prohibit an unmarried couple from residing together where a married couple would be allowed to reside. Accordingly, the ordinance does not violate the Civil Rights Act.

Finally, plaintiffs direct our attention to the recent United States Supreme Court decision in *City of Edmonds v Oxford House, Inc,* 514 US —; 115 S Ct 1776; 131 L Ed 2d 801 (1995). However, we agree with defendants that that case is irrelevant inasmuch as the case at bar does not arise under the federal Fair Housing Act. 42 USC 3601 *et seq.*

For the above reasons, we conclude that the Ann Arbor city ordinance is constitutional and may validly be applied under the circumstances in the case at bar.

Affirmed. Defendants may tax costs.